IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LINDA BYNUM and**
**MIDGE GRAHAM,**

      **Plaintiffs,**

**v.**                                                **No. CIV-15-0232 GBW/LAM**

**CITY OF ALAMOGORDO, et al.,**

      **Defendants.**

## ORDER DENYING PLAINTIFFS' MOTION TO COMPEL *(Doc. 30)*

      **THIS MATTER** is before the Court on Plaintiff's *Op[p]osed Motion for Expedited Hearing to Resolve Discovery Dispute and Memorandum (Doc. 30)*, filed January 22, 2016, which the Court construes as a motion to compel.  In the motion, Plaintiffs asked the Court to order Defendants to produce the "complete investigative file," as requested in Plaintiffs' Request for Production No. 3, prior to the deposition of Officer Guinn set for January 28, 2016, or, alternatively, to set the matter for a hearing or extend the time for discovery limited to pending depositions.  [*Doc. 30* at 1-2].  The Court entered an order for expedited briefing and set the matter for a hearing on January 27, 2016.  [*Docs. 31* and *32*].  Defendants filed a response to the motion on January 26, 2016 [*Doc. 33*], and Plaintiffs filed a reply on January 27, 2016 [*Doc. 34*].  The Court held a hearing on January 27, 2016, at which counsel for both sides were present.  *See* [*Doc. 35*] (Clerk's Minutes).  Having considered the motion, response, reply, statements of counsel at the January 27, 2016 hearing, record of this case, and relevant law, the Court **FINDS** that the motion shall be **DENIED**.

The Court first addresses the procedural issues raised by the parties. *See, e.g.,* [*Docs. 33-2 to 33-7*]. First, as explained at the hearing, Plaintiffs' allegation that Defendants' responses to their discovery requests were late is incorrect. Since Plaintiffs served discovery requests on Defendants on December 15, 2015, Defendants' responses were due thirty (30) days from that date, which was Thursday, January 14, 2016. *See* Fed. R. Civ. P. 34(b)(2)(A). Defendants then had three (3) additional days in which to respond, pursuant to Fed. R. Civ. P. 6(d), which made their responses due Sunday, January 17, 2016. Defendants' responses were then due on the next day that was not a Saturday, Sunday, or legal holiday (*see* Fed. R. Civ. P. 6(a)(1)(C)), which was Tuesday, January 19, 2016, which is the day Defendants served their responses.

Second, contrary to Plaintiffs' assertion, Defendants properly served their responses to the discovery requests by mail (*see* Fed. R. Civ. P. 5(b)(2)(C)), and properly filed their certificate of service with the Court stating that they had served their responses (*see* D.N.M. LR-Civ. 26.2). Therefore, as explained to Plaintiffs' counsel by both Defendants' counsel in his January 20¸ 2016 e-mail (*see Doc. 33-4*) and the Court at the January 27, 2016 hearing, Plaintiffs' counsel's assertions in his January 19, 2016 e-mail to Defendants' counsel were incorrect. The Court further notes that, while Defendants are correct that Plaintiffs failed to comply with Fed. R. Civ. P. 5(b)(2)(E) by serving Plaintiffs' discovery requests electronically without obtaining the necessary consent in writing from defense counsel to do so, Defendants waived this objection by responding the Plaintiffs' discovery requests and failing to raise this issue as an objection.

Third, the Court finds that Plaintiffs failed to attempt to confer in good faith with Defendants prior to filing their motion to compel, which is in violation of Fed. R. Civ. P. 37(a)(1) and D.N.M. LR-Civ. 7.1(a). The Court finds that Plaintiffs' emails to Defendants regarding Plaintiffs' perceived deficiencies with Defendants' discovery responses did not provide adequate

2

notice to Defendants regarding the substance of Plaintiffs' issues with the responses. Plaintiffs' counsel's e-mails stating that the discovery responses were late and "largely non-responsive" and that Plaintiffs' counsel "intend[s] to ask Judge Martinez to order [Defendant] to produce his complete investigative file" does not satisfy the meet and confer requirement. The Court cautions Plaintiffs' counsel that he must fully comply with the meet and confer requirement in good faith with regard to any further motions he files in this Court.

Next, the Court addresses the merits of Plaintiff's motion. Plaintiffs contend that Defendants' response to Request for Production No. 3 was insufficient. The request asks for "the complete investigative file, including tapes for Linda Bynum and Midge Graham," and Defendants' response was: "the term 'investigative file' is vague, imprecise and susceptible to more than one meaning. Defendants further object that this Request for production seeks documents and information that have already been provided in either Defendants' Initial Disclosures or in response to Request for Production No. 2, above." [*Doc. 30-1* at 2] and [*Doc. 33-1* at 2].[1] Plaintiffs state that they filed their motion because they thought that Defendants had not produced the entire investigative file, and Plaintiffs state in their reply brief that "[t]his Court should find a common sense interpretation of the term investigative file is every fact, statement or document Guinn obtained during the course of his investigation which supported the averment in his sworn affidavit which justified instituting criminal charges against Plaintiffs." [*Doc. 34* at 6]. Plaintiffs also contend in their reply brief that the file should have contained medical records. *Id.* at 7.

---

[1] While Defendants state that Plaintiffs attached to their motion a "re-typed editing of Defendants' responses and objections" which was not created by Defendants, the Court sees no difference between what Plaintiffs filed and the copy of the original request and response attached to Defendants' response, other than that the word "the" before the word "term" is bolded in Plaintiffs' attachment. These types of inaccurate allegations against opposing counsel are not appreciated by the Court and may be sanctionable in the future.

At the January 27, 2016 hearing, Defendants' counsel stated that Defendants have produced Plaintiffs' statements and recordings, relevant reports, and copies of checks and documents, and that there are no relevant medical records in the possession of Defendant Guinn or the Alamogordo Police Department.  Defendants' counsel further stated that there are two documents that were not produced, and that both documents relate to Connie Baily-Mills, and one is privileged.  Counsel for Plaintiffs stated at the hearing that he is now satisfied that he has received everything in the file that is relevant.   Therefore, the Court will deny Plaintiffs' motion. It appears to the Court that counsel could have easily resolved this issue by calling each other to discuss their concerns with the discovery request and response.  Because the Court finds that counsel on both sides failed to address this issue properly, the Court will not order Plaintiffs to pay Defendants' expenses incurred in opposing the motion, but warns Plaintiffs' counsel that further failure to read and follow the Federal and local rules of procedure may result in such sanctions being issued by the Court.  *See* Fed. R. Civ. P. 37(a)(5)(B) (providing that, if a motion to compel is denied, the Court must order the movant, the attorney filing the motion, or both, to pay the opposing party's reasonable expenses, including attorney fees, unless the Court finds that the motion was substantially justified or "other circumstances make an award of expenses unjust").

**IT IS THEREFORE ORDERED** that, for the reasons set forth above, Plaintiff's *Op[p]osed Motion for Expedited Hearing to Resolve Discovery Dispute and Memorandum (Doc. 30)*, which the Court construes as a motion to compel, is **DENIED**

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

4